IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETE CZOSNYKA, et al., | |
| Plaintiffs, | No. 21 CV 03240 |
| v. | Hon. Sharon Johnson Coleman |
| JAMES GARDINER, et al., | |
| Defendants. | |

### DEFENDANT CITY OF CHICAGO'S
### MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant City of Chicago (the "City"), by its counsel, Celia Meza, Corporation Counsel for the City, hereby moves the Court to dismiss Plaintiffs' Complaint. In support thereof, the City states as follows:

1. On June 17, 2021, Plaintiffs Pete Czosnyka, Peter Barash, Adam Vavrick, Dominick Maino, Steve Held, and James Suh (collectively "Plaintiffs") filed their Complaint against Defendants James Gardiner, Alderman of the City's 45th Ward, in his official and individual capacities, ("Defendant Gardiner") as well as the City alleging First Amendment violations relating to various actions taken by Defendant Gardiner in prohibiting Plaintiffs from commenting on or otherwise engaging with his Facebook Page.

2. Plaintiffs allege that Defendant Gardiner, at his "sole discretion," has hidden or deleted comments on his Facebook Page that were critical of him and his policies, and in some cases outright blocked some of the plaintiffs from interacting with the Facebook Page at all. Plaintiffs claim that the Facebook Page is a public forum and that Defendant Gardiner's actions are an impermissible content-based restriction on their speech.

3. Plaintiffs allege a single count against the City, invoking *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), claiming that the City was "on notice" of Defendant Gardiner's alleged First Amendment violations but failed to "stop or remedy" them. In particular, Plaintiffs allege that they have complained to the City's Office of Inspector General, Board of Ethics, and Law Department about Defendant Gardiner's alleged behavior, but no action was taken. Plaintiffs allege that the Inspector General has the authority to investigate misconduct and refer matters to the Board of Ethics for adjudication of potential violations of the City's ethics ordinance. Plaintiffs make no allegations that the City has authority to force Defendant Gardiner to change his alleged behavior or otherwise control how an alderman uses their social media. Instead, Plaintiffs' theory of liability against the City is that because it was "on notice" of Defendant Gardiner's alleged actions and did not take action in response, it was the moving force behind their injuries.

4. As detailed in the City's Memorandum in Support of this Motion, which is fully incorporated herein by reference, Plaintiffs' claim against the City should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

5. First, Plaintiffs' claim against the City should be dismissed under Rule 12(b)(1) because they do not have Article III standing. Plaintiffs' own allegations make clear that the City was not the cause of their constitutional injuries and also that the relief they seek from the City will not redress those injuries.

6. Second, Plaintiffs' claim against the City should be dismissed under Rule 12(b)(6) because they have not shown that a City policy was the moving force behind their injuries.

WHEREFORE, the City respectfully request that the Court dismiss Plaintiffs' Complaint against the City pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and grant the City such further relief as the Court deems just and appropriate.

Date:  August 4, 2021

MAGGIE SOBOTA
Maggie.Sobota@cityofchicago.org
JORDAN ROSEN
Jordan.Rosen@cityofchicago.org
City of Chicago, Department of Law
Constitutional and Commercial
  Litigation Division
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
(312) 742-0260 / 744-9018

Respectfully submitted,

CELIA MEZA,
Corporation Counsel for the City of Chicago


By:   /s/ Maggie Sobota
        Attorney for Defendant City of Chicago