IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETE CZOSNYKA, PETER BARASH, ADAM VAVRICK, DOMINICK MAINO, STEVE HELD, and JAMES SUH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES GARDINER, Alderman of the 45 Ward of the City of Chicago; and CITY OF CHICAGO,<br><br>Defendants. | Case No. 21-cv-3240<br><br>Hon. Sharon Johnson Coleman |

**JOINT INITIAL STATUS REPORT**

The parties, through their respective counsel, conferred and drafted the following initial status report:

**I. Nature of the Case**

- Attorneys of Record

    For Plaintiffs:

    Law Office of Adele D. Nicholas
    5707 W. Goodman Street
    Chicago, Illinois 60630
    (847) 361-3869
    adele@civilrightschicago.com

    Law Office of Mark G. Weinberg
    3612 N. Tripp Avenue
    Chicago, Illinois 60641
    (773) 283-3913
    mweinberg@sbcglobal.net

For Defendant City of Chicago:

Maggie Sobota
Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
312-742-0260
Maggie.Sobota@cityofchicago.org

Jordan Rosen
Assistant Corporation Counsel
City of Chicago Department of Law
2 N. LaSalle St., Suite 520
Chicago, Illinois 60602
312-744-9018
Jordan.Rosen@cityofchicago.org

For Defendant Alderman James Gardiner:

Appearance due by August 25, 2021

- Nature of the Case:

Plaintiffs allege that Defendant Alderman James Gardiner violates their First Amendment rights by engaging in content-based regulation of speech on his official Facebook Page. Plaintiffs allege that the City of Chicago is liable for Defendant Alderman Gardiner's violations of the First Amendment pursuant to *Monell* because the City of Chicago was on notice of Defendant Gardiner's violations of the First Amendment but failed to act to stop or remedy his violations. Plaintiffs seek to represent a class of similarly situated Chicago residents who seek to comment on Alderman Gardiner's Facebook Page. Plaintiffs seek class-wide injunctive and declaratory relief. The named Plaintiffs seek compensatory and/or nominal damages.

Defendant City of Chicago denies liability and contends that the claim against it should be dismissed in its entirety because Plaintiffs do not claim the City of Chicago had any authority or control over the Facebook Page or how Defendant Alderman James Gardiner moderates it and because Plaintiffs have failed to state a claim for *Monell* liability.

## II. Status of the Case and Pending Motions

All Defendants have been served. Defendant City of Chicago has appeared and filed a motion to dismiss the claim against it pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiffs' response to the motion is due September 2, 2021, and the City's reply is due September 16, 2021. Defendant Alderman Gardiner's deadline to appear and answer is August 25, 2021.

## III. Proposed Discovery Schedule:

- Nature of Discovery Required

Plaintiffs intend to take written and oral discovery regarding Defendant Alderman Gardiner's use and regulation of his Facebook Page; the City's policies regarding elected officials' use of social media; the City's enforcement of those policies; and Plaintiffs' damages.

- Proposed Discovery Schedule

<u>Plaintiff's Proposal:</u>

**Parties to Exchange Rule 26(a)(1) Disclosures**: September 23, 2021.

**Deadline for Amendment of Pleadings and/or Joining Additional Parties**: December 23, 2021.

**Fact Discovery Completed:** March 24, 2022.

At this time, the parties do not anticipate conducting expert discovery. The parties request a status hearing at the close of fact discovery to discuss the need for any expert discovery and/or a briefing schedule for dispositive motions.

<u>Defendant City of Chicago's Proposal:</u>

Defendant City of Chicago has filed a motion to dismiss the claim against it under Rules 12(b)(1) and 12(b)(6), which, if granted would result in the City's full dismissal from this matter. In the interests of judicial economy and to conserve the resources of the parties, the City proposes that discovery between the City and Plaintiff, including exchange of initial disclosures, be stayed until the Court rules on the City's motion to dismiss.

**IV. Trial:**

Plaintiffs have requested a jury trial. At this time, the parties estimate that trial would last approximately 4-5 days.

**V. Status of Settlement Discussions:**

The parties have not had settlement discussions and do not request a settlement conference at this time. The parties will inform the court promptly if they believe that a settlement conference would be fruitful.

**VI. Consent to Proceed Before the Magistrate Judge:**

The parties do not unanimously consent to proceed before a magistrate judge.

Respectfully submitted,

| | |
|---|---|
| /s/ Adele D. Nicholas<br>*Counsel for Plaintiffs* | /s/ Maggie Sobota<br>*Counsel for Defendant City of Chicago* |

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net

Maggie Sobota
Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
312-742-0260
Maggie.Sobota@cityofchicago.org

Jordan Rosen
City of Chicago Department of Law
2 N. LaSalle St., Suite 520
Chicago, Illinois 60602
312-744-9018
Jordan.Rosen@cityofchicago.org