UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETE CZOSNYKA, et al., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) Case No. 21-cv-3240 ) ) Judge Sharon Johnson Coleman ) |
| v. | ) ) |
| JAMES GARDINER, Alderman of the 45th Ward of the City of Chicago and the CITY OF CHICAGO, | ) ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, who are six residents of Chicago's 45th Ward, bring this First Amendment lawsuit against their Alderman James Gardiner for blocking certain comments made on his official Facebook page. Plaintiffs also bring this lawsuit against the City of Chicago based on a failure to discipline theory of liability. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Before the Court is the City's motion to dismiss plaintiffs' class action complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants the City's motion because plaintiffs do not have Article III standing to bring this lawsuit against the City.

**Background**

In their class action complaint, plaintiffs challenge the constitutionality of the manner in which Alderman Gardiner regulates "speech" on his Facebook page, which he created for his role as a government official. They allege that in an effort to suppress dissent, Alderman Gardiner routinely hides or deletes comments that criticize him or his policies. In addition, plaintiffs assert that Alderman Gardiner has permanently banned certain constituents from being able to engage on his Facebook page. Plaintiffs seek injunctive relief prohibiting Alderman Gardiner from continuing to

engage in content-based regulation of speech and compensatory damages for his violations of their First Amendment rights.

Furthermore, plaintiffs seek to hold the City liable under a theory of failure to discipline alleging that the City is aware of Alderman Gardiner's misconduct, yet has failed to reprimand him through such entities as the Office of the Inspector General, the Board of Ethics, or the Law Department. *See Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The Court takes judicial notice of a September 21, 2021 Chicago Sun-Times article in which Chicago Mayor Lori Lightfoot has called on the Chicago Inspector General to investigate whether Alderman Gardiner has used his office to retaliate against his political opponents. *See Geinosky v. City of Chicago,* 675 F.3d 743, 745 (7th Cir. 2012).

**Legal Standard**

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**Discussion**

Setting aside whether Alderman Gardiner's Facebook page is a public forum for First Amendment purposes, *see John K. MacIver Institute for Public Policy, Inc. v. Evers*, 994 F.3d 602, 609 (7th Cir. 2021), plaintiffs' claim against the City has several insurmountable flaws. For example, plaintiffs' reliance on the City not taking any action against Alderman Gardiner is rebutted by the

fact that Chicago's mayor has requested the Chicago Inspector General to investigate whether Alderman Gardiner has used his office to retaliate against his political opponents.

This, in turn, highlights plaintiffs' biggest problem, namely, they do not have standing to sue the City. "Article III of the Constitution limits the federal judicial power to deciding 'Cases' and 'Controversies'" and "as an essential part of a federal court's authority under Article III, [the] standing doctrine ensures respect for these jurisdictional bounds." *Prairie Rivers Network,* 2 F.4th at 1007. To establish standing under Article III, plaintiffs must show: (1) they suffered an injury-in-fact; (2) that is fairly traceable to the defendant's conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 729 (7th Cir. 2020) (Barrett, J.). The proponent of subject matter jurisdiction, here the plaintiffs, have the burden in establishing standing. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

Plaintiffs have failed to sufficiently allege that there is a causal connection between their First Amendment injuries and the City's conduct. Indeed, throughout their complaint, they allege that it was Alderman Gardiner who "had final say" over deleting or blocking constituents and their comments and that he has "sole discretion" to do so. Meanwhile, plaintiffs' attempt to use a failure to discipline theory to hold the City liable fails because the City has not consciously disregarded Alderman Gardiner's alleged misconduct or failed to discipline him, but instead, Mayor Lightfoot has asked the Inspector General to investigate him. *See Connick*, 563 U.S. at 71. Under these circumstances, the City's failure to discipline Alderman Gardiner cannot be the moving force behind plaintiffs' constitutional injuries. *See Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). Because plaintiffs cannot establish the second element of standing, the Court dismisses the City as a defendant to this lawsuit.

**Conclusion**

For these reasons, the Court grants defendants' Rule 12(b)(1) motion to dismiss for lack of standing [15]. The City of Chicago is no longer a defendant to this lawsuit.

IT IS SO ORDERED.

Date: 10/25/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge