IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETE CZOSNYKA, et al., | |
| Plaintiffs, | 21-cv-3240 |
| v. | Hon. Sharon Johnson Coleman |
| JAMES GARDINER, et al., | |
| Defendants. | |

**PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S DECISION GRANTING DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 60, Plaintiffs, through counsel, respectfully request that this Honorable Court reconsider its ruling on Defendant City of Chicago's motion to dismiss (ECF 33).

### INTRODUCTION

The Court entered an order on October 25, 2021, dismissing Plaintiffs' *Monell* claim against the City of Chicago pursuant to Fed. R. Civ. P. 12(b)(1). The Court found that Plaintiff could not establish the "traceability" element of standing because the complaint made insufficient allegations to establish a "causal connection between [the Plaintiffs'] First Amendment injuries and the City's conduct." ECF 33 at 3. In so holding, the Court relied on extrinsic evidence—a September 21, 2021, *Chicago Sun-Times* article referencing a statement by Mayor Lightfoot calling for an investigation of Alderman Gardiner. *Id.* at 2-3. The Court's reliance on the *Sun-Times* article to dismiss Plaintiffs' *Monell* count forms the basis for this motion to reconsider.

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a judgment, order or proceeding on the grounds of "mistake, inadvertence [or] surprise." Fed. R. Civ. P. 60(b)(1). Here, relief under Rule 60(b) is warranted on the basis of "surprise" because the extrinsic evidence on which the Court relied was unavailable to the parties when they were briefing the motion to dismiss.

As shown below, dismissal of the complaint should be reconsidered because Mayor Lightfoot's call for an investigation of Alderman Gardiner in September 2021 (three months after this lawsuit was filed and nearly two years after Plaintiffs began asking the City to take action) does not negate the causal relationship between the City's longstanding failure to discipline Alderman Gardiner and his violations of their First Amendment rights.

## ARGUMENT

The *Chicago Sun-Times* article on which the Court relied references a September 10, 2021, comment made by Mayor Lightfoot calling for an investigation of Alderman Gardiner. *See*, CST Editorial Board, *Ald. Jim Gardiner should think really hard about resigning*, CHICAGO SUN-TIMES, Sept. 21, 2021 (attached hereto as Exhibit 1). The Court cited Mayor Lightfoot's comments as its sole basis for finding that Plaintiffs could not proceed on their failure to discipline theory. ECF 33 at 3 ("plaintiffs' attempt to use a failure to discipline theory to hold the City liable fails because the City has not consciously disregarded Alderman Gardiner's alleged misconduct or failed to discipline him, but instead, Mayor Lightfoot has asked the Inspector General to investigate him.")

2

There are two reasons why the mayor's recent request for an investigation into Alderman Gardiner does not provide a proper basis for dismissing Plaintiffs' *Monell* claim. First, the matters that Mayor Lightfoot said should be investigated were unrelated to Alderman Gardiner's First Amendment violations on social media, and instead focused on text messages he sent to a former aide in which he threatened to withhold City services from a constituent who had supported his political opponent. *See* Fran Spielman, *Mayor Lightfoot asks departing inspector general to investigate Ald. Gardiner's profane, abusive and threatening text messages,* CHICAGO SUN-TIMES*,* Sept. 10, 2021[1] ("'Under no circumstances should a resident be denied access to city services simply because of their political choice and affiliation. That's not OK,' the mayor said."). Nothing in the September 21, 2021 *Sun-Times* article indicates that any City agency has investigated or disciplined Alderman Gardiner for his content-based regulation of speech on his Facebook Page.

Second, Mayor Lightfoot's call for an investigation into Alderman Gardiner came three months after this lawsuit was filed, three weeks after Plaintiffs filed their response to the City's motion to dismiss, and nearly two years after Plaintiffs began informing the City of the Alderman's violations of their rights. The complaint outlines a long history during which Alderman Gardiner violated the Plaintiffs' constitutional rights with impunity and their repeated requests for intervention by City agencies with the power to discipline the misconduct went ignored. *See* ECF 1 at ¶¶6, 30, 36, 48, 65, 74 (outlining complaints that were made to the office of the

---

[1] Available at: https://chicago.suntimes.com/city-hall/2021/9/10/22667175/ald-jim-gardiner-texts-lightfoot-asks-inspector-general-investigate-profane-abusive-messages

3

Inspector General by the Plaintiffs concerning Alderman Gardiner's use of his Facebook Page throughout 2020 and the first half of 2021).

The bottom line: Mayor Lightfoot's recent calls for the Inspector General to investigate Alderman Gardiner are unrelated to his First Amendment violations on social media which form the basis of Plaintiffs' claims. Moreover, the mayor's recent calls for the Inspector General to investigate Alderman Gardiner were made more than a year after the Plaintiffs began asking the City to investigate Alderman Gardiner's misuse of his Facebook Page. Accordingly, the mayor's statements, as set forth in the *Sun-Times* article, do not conclusively demonstrate that there is no causal connection between the City's long failure to act on Plaintiffs' complaints and Alderman Gardiner's violations of their constitutional rights.

Plaintiff submits that their *Monell* deliberate indifference claim should be permitted to proceed to discovery. The City is free to come forth with evidence that it took steps to investigate and/or discipline Alderman Gardiner in relation to his First Amendment violations, or that its failure to do so did not allow his abuses to go unchecked. But the fact that other unrelated investigations of the Alderman are now underway does not provide a sufficient basis to dismiss Plaintiffs' claim.

## CONCLUSION

For the reasons set forth above in and in Plaintiffs' response to the City's motion to dismiss (ECF 25), Plaintiffs' respectfully request that this Court reconsider its decision granting Defendant City of Chicago's motion to dismiss.

4

Respectfully submitted,

<u>/s/ Adele D. Nicholas</u>
<u>/s/ Mark G. Weinberg</u>
*Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net