UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETE CZOSNYKA, et al., individually and on behalf of all others similarly situated, | )<br>)<br>) |
| | ) Case No. 21-cv-3240 |
| Plaintiffs, | )<br>) Judge Sharon Johnson Coleman |
| v. | )<br>) |
| JAMES GARDINER, Alderman of the 45th Ward of the City of Chicago and the CITY OF CHICAGO, | )<br>)<br>) |

## ORDER

The Court, in its discretion, denies plaintiffs' motion for reconsideration because they have failed to establish that the Court committed a manifest error of law or fact [34].

## BACKGROUND

Plaintiffs, who are six residents of Chicago's 45th Ward, bring this First Amendment lawsuit against their Alderman James Gardiner for blocking certain comments made on his official Facebook page. Plaintiffs also brought this lawsuit against the City of Chicago based on a failure to discipline theory of liability. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). On October 25, 2021, the Court granted the City's Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of Article III standing. Less than twenty-four hours later, plaintiffs filed the present motion for reconsideration under Rule 60(b). Because plaintiffs filed their motion within 28 days of the Court's ruling, the Court reviews plaintiffs' motion under Rule 59(e).

## LEGAL STANDARD

"The purpose of Federal Rule of Civil Procedure 59(e) is to allow a party to bring to the district court's attention a manifest error of fact or law so that it may correct, or at least address, the

error in the first instance." *A&C Construction & Installation, Co. v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A "'manifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). District courts have broad discretion in determining Rule 59(e) motions. *Abellan v. Lavelo Property Mgmt. LLC*, 948 F.3d 820, 833 (7th Cir. 2020).

## DISCUSSION

In their class action complaint, plaintiffs challenge the constitutionality of the manner in which Alderman Gardiner regulates "speech" on his Facebook page, which he created for his role as an elected government official. They allege that in an effort to suppress dissent, Alderman Gardiner routinely hides or deletes comments that criticize him or his policies. In addition, plaintiffs assert that Alderman Gardiner has permanently banned certain constituents from being able to engage on his Facebook page.

Plaintiffs seek to hold the City liable under a theory of failure to discipline alleging that the City is aware of Alderman Gardiner's misconduct, yet has failed to reprimand him through such entities as the Office of the Inspector General, the Board of Ethics, or Chicago's Law Department. *See Connick v. Thompson*, 563 U.S. 51, 61, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011). The Court dismissed plaintiffs' failure to discipline claim against the City by taking judicial notice of a newspaper article that Mayor Lori Lightfoot had asked the City's Inspector General to investigate Gardiner. When determining motions to dismiss, the Court can take judicial notice of public records, including newspaper articles. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). Thus, plaintiffs' argument that the Court erred by considering "evidence extrinsic" to their complaint simply fails to establish that the Court committed a manifest error of law or fact.

More importantly, the City does not have the duty to discipline Alderman Gardiner because he is an elected official. *See Wilson v. Price*, 624 F.3d 389, 395 n.3 (7th Cir. 2010) (City "does not have the ability to train, supervise, or otherwise discipline Price, who is an elected official."). Therefore, plaintiffs' failure to discipline Alderman Gardiner is not a valid basis for a *Monell* claim. *See id.*

IT IS SO ORDERED.

Date: 1/12/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge