IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Pete Czosnyka, Peter Barash, et al.** | ) ) ) | |
| Plaintiffs, | ) | Case No. 21-cv-03240 |
| | ) ) | Hon. Judge Johnson Coleman |
| v. | ) ) | |
| **James Gardiner, City of Chicago,** | ) ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

### DEFENDANT JAMES GARDINER'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant James Gardiner ("Gardiner"), by and through his attorney, Thomas D. Carroll of Thomas R. Raines Attorney at Law, LLC, hereby answers Plaintiffs' Complaint as follows:

1. Defendant states that paragraph 1 is a subjective characterization of this action to which no answer is required. To the extent an answer is required as to discrete portions of the paragraph, Defendant denies that there is a class of similarly-situated individuals worthy of class certification, and denies that James Gardiner "regulates" speech on his Facebook page.

2. Defendant admits that he uses his Facebook page to communicate with constituents about a variety of government functions and that he has solicited reader feedback, at times. Defendant admits that some number of Chicagoans have posted responses in the comments section of his Facebook posts. Defendant states that the question of whether his Facebook page is a public forum under the First Amendment is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies that his Facebook page is a public forum, despite the District Court's recent opinion to the contrary, and Defendant expressly renews his objection

to that legal conclusion.

3. Defendant denies that he has taken any action in an effort to suppress dissent on his Facebook page and denies that he routinely deletes comments. Defendant denies that he has permanently banned anybody from participation, and denies that doing so would prohibit any such person from petitioning their elected representative through Facebook. Defendant states that the question of whether his alleged actions would amount to content-based regulations of speech is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegation.

4. Defendant states that the quotes from the *Packingham* decision are accurate, though context-free, and denies the remaining characterizations and assertions of paragraph 4.

5. Defendant admits that the named Plaintiffs are, to his knowledge, residents of the 45th Ward, admits that the Plaintiffs are seeking what they claim to be seeking by way of this action, and denies the remainder of paragraph 5.

6. Defendant takes no position on what the City of Chicago is "aware of" and denies the remainder of paragraph 6.

7. Defendant does not object to the Court's jurisdiction at this time, though he denies that there has been any properly-alleged federal civil rights violation.

8. Defendant does not object to the venue at this time.

9. Defendant states on information and belief that the named parties are residents of the 45th Ward. Defendant lacks information sufficient to form a belief as to whether each of the named plaintiffs maintains a Facebook account and denies that they are completely banned from commenting on his page or have had their comments hidden

or deleted numerous times.

10. Defendant admits that he is the Alderman of the 45th Ward, admits that he is being sued, and denies the remainder of paragraph 10.

11. Admitted, on information and belief.

12. Admitted, on information and belief.

13. Admitted, on information and belief.

14. Admitted, on information and belief.

15. Admitted, on information and belief.

16. Admitted.

17. Admitted that the Defendant regularly posts on his page, and denied as to the remaining characterizations.

18. Denied.

19. Defendant lacks information sufficient to form a belief.

20. Defendant lacks information sufficient to form a belief regarding the Plaintiff's particular political activities, criticisms, or the full scope of positions that the named organization has taken on various projects.

21. Denied.

22. Denied.

23. Defendant lacks information sufficient to form a belief about the particulars of any such letter, and demands strict proof thereof.

24. Defendant denies that he "restored" access to the page and admits the remainder of paragraph 24.

25. Denied, with the exception of legal conclusions regarding the nature of defamatory statements, to which no answer is required.

4

26. Admitted.

27. Denied as to all allegations.

28. Denied as to all allegations, other than the verbatim quote from Defendant's page, which is admitted.

29. Denied as to all allegations, other than the verbatim quotes from Defendant's page, which are admitted.

30. Admitted, on information and belief.

31. Denied.

32. Defendant lacks information sufficient to form a belief as to the allegations regarding Plaintiff's activities and memberships.

33. Defendant lacks information sufficient to form a belief regarding the specific nature of the generally alleged posts.

34. Denied, with the exception of legal conclusions regarding the nature of defamatory statements, to which no answer is required.

35. Denied.

36. Denied.

37. Admitted, on information and belief.

38. Denied, with the exception of legal conclusions regarding the nature of defamatory statements, to which no answer is required.

39. Denied.

40. Admitted as to the nature of the alleged post.

41. Admitted that such an ordinance was voted on and passed.

42. Admitted as to the text of the alleged post. Defendant lacks information sufficient to form a belief about Plaintiff's background or family.

43. Admitted.

44. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations, and demands strict proof thereof.

45. Denied.

46. Admitted that Plaintiff posted comments as vaguely characterized in the allegation.

47. Denied.

48. Defendant lacks information sufficient to form a belief as to all of the allegations and demands strict proof thereof.

49. Admitted, on information and belief.

50. Defendant lacks information sufficient to form a belief, but assumes that Plaintiff knows how he felt about the matters alleged.

51. Defendant admits that Plaintiff participated in such a rally and is involved in such an organization.

52. Admitted that Plaintiff has posted on Defendant's page. Denied as to the remainder, with the exception of legal conclusions regarding the nature of defamatory statements, to which no answer is required.

53. Denied.

54. Admitted that posts were made in the general manner alleged, and denied as to the remainder.

55. Denied.

56. Denied as to all but the existence of the linked article.

57. Admitted that the post was made as described.

58. Admitted that the comment was deleted, and denied as to the remainder.

59. Admitted, on information and belief, that Plaintiff is a 45th Ward resident. Defendant

lacks information sufficient to form a belief as to the remainder of the allegations.

60. Admitted that Plaintiff has posted on Defendant's page. Denied as to the remainder, with the exception of legal conclusions regarding the nature of defamatory statements, to which no answer is required.

61. Denied.

62. Admitted as to the general description of the post, and denied as to the remainder.

63. Admitted as to the general description of the post, and denied as to the remainder.

64. Admitted as to the general description of the posts, and denied as to the remainder.

65. Defendant lacks knowledge sufficient to form a belief as to the allegations and demands strict proof thereof.

66. Defendant lacks information sufficient to form a belief, but assumes that Plaintiff knows how he felt about the matters alleged and what groups he has participated in.

67. Admitted that Plaintiff has posted on Defendant's page. Denied as to the remainder, with the exception of legal conclusions regarding the nature of defamatory statements, to which no answer is required.

68. Denied.

69. Admitted that Plaintiff made such a post and denied as to the remainder.

70. Admitted.

71. Denied.

72. Admitted.

73. Denied.

74. Defendant lacks information sufficient to form a belief.

75. Defendant denies that he has violated anybody's First Amendment rights and therefore denies the entirety of paragraph 75.

76. Admitted that the OIG performs duties as described.

77. Admitted that the Board of Ethics performs duties as defined.

78. Defendant lacks information sufficient to form a belief, and demands strict proof thereof.

79. Denied.

80. Denied, because there has been no constitutional violation.

81. Paragraph 81 is a characterization of Plaintiffs' claims to which no answer is required.

82. Defendant admits that the action is styled as described, and denies that the Class is a proper one under applicable law.

83. Paragraph 83 is a conclusion of law. To the extent an answer is required, Defendant denies the entirety of paragraph 83.

84. Paragraph 84 is a conclusion of law. To the extent an answer is required, Defendant denies the entirety of paragraph 84.

85. Paragraph 85 is a conclusion of law. To the extent an answer is required, Defendant denies the entirety of paragraph 85.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Defendant incorporates his answers to paragraphs 1-89 into this paragraph 90.

91. Denied. Defendant reserves and reasserts his objection to this premise, and to the Court's holdings on the issue.

92. Denied. Defendant reserves and reasserts his objection to this premise, and to the

Court's holdings on the issue.

As to Count II, Defendant states that the Court has ruled in the City of Chicago's favor on this issue, thus no answer is required for paragraphs 93-94 at this time.

## Defendant James Gardiner's Defenses

### Defendant's Facebook Page is Not a Public Forum Protected by the First Amendment.

1. Despite the Court's recent interlocutory order denying the requested relief, Defendant maintains his defense, as set forth in his FRCP Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint, that his Facebook page is not a government-established public forum under the First Amendment, and incorporates all arguments set forth in his motion as if set forth herein.

### Defendant's Alleged Actions Were Not "State Action" For Purposes of Section 1983.

1. Plaintiffs bring their claims pursuant to 42 U.S.C. Sec. 1983, which provides a private right of action for violations of constitutional rights taken "under color of state law."

2. Plaintiffs allege throughout their Complaint that the Defendant acted and incurred liability in both his official and individual capacities.

3. Absent coordinated action among private individuals or entities and state actors, which is not alleged in the Complaint and would be obviated by the Court's dismissal of the City of Chicago as a defendant if it had been, there is no such thing as Section 1983 liability for defendants acting in their individual capacities.

9

4. Defendant cannot have individual liability for the actions alleged in the Complaint since there is no allegation that he coordinated his alleged actions with any state office or actor other than himself.

5. Alternatively, despite being an alderman, the Defendant's establishment of his Facebook page was a private, discretionary decision having no particular connection to his performance of his aldermanic duties.

6. Aldermen are not required to create Facebook pages, and despite the promulgation of some guidelines by the City of Chicago, the city exercises no particular control over what appears on a given Facebook page.

7. Furthermore, any guidelines promulgated by the City of Chicago related to Facebook page content and restrictions are inherently flawed, as they purport to allow and even encourage alderman to engage in content-based limitations on speech as defined by First Amendment jurisprudence.

8. If the Defendant's Facebook page were truly a public forum, virtual or otherwise, any content-based restrictions on speech within the forum would give rise to strict scrutiny and be presumptively invalid, as violations of the First Amendment.

9. Thus, if the Defendant was acting in his official capacity when he allegedly monitored, curated and deleted posts or blocked users from his Facebook page, he did so in keeping with the permissive content-based restrictions contemplated by the City of Chicago's guidance.

Defendant's Alleged Actions Were<br>Subject to Qualified Immunity

1. According to the Supreme Court, a government official alleged to have violated a

plaintiff's legal or civil rights have qualified immunity from liability for such violations.

2. To assert a defense of qualified immunity in response to an alleged legal or civil rights violation, a defendant must demonstrate that he or she was "performing discretionary functions… insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

3. The creation, maintenance and monitoring of a Facebook page by a government official is a discretionary function, as defined.

4. Prior to the instant case, Defendant is not aware of any ruling in this circuit pertaining specifically to the creation of social media pages by government officials, and whether they amount to government-created public forums for purposes of First Amendment analysis.

5. The Court admitted as much, relying on a small number of precedents from outside its home circuit in denying Defendant's 12(b)(6) motion to dismiss. In addition, the Supreme Court has never passed on the issues present in this matter pertaining to social media public forums and, to Defendant's knowledge, only two circuits have.

6. The limits of First Amendment protections on government social media pages have yet to be clearly defined.

7. Even if all of Plaintiffs' allegations about Defendant's conduct are true, Defendant is immune from civil damages because he was engaged in a discretionary government function that did not violate any "clearly established statutory or constitutional rights."

11

8. As mentioned, supra, it is not even clear that the City of Chicago social media guidance which Plaintiffs reference throughout their Complaint, and which they insist demonstrates aspects of Defendant's culpability in the breach, comport with the First Amendment, given the presumptive invalidity of content-based restrictions in traditional, physical public forums.

9. It would be manifestly unjust to hold Defendant monetarily liable for a purported constitutional violation for which there was literally no case law or statutory guidance during the time of the alleged offenses.

### Class Certification Would Be Improper Under the Circumstances and the Plaintiffs' Claims in that Regard Are Wholly Speculative.

1. Plaintiffs have not properly alleged, and cannot allege that there are other similarly-situated parties such that the instant action should warrant class certification.

2. The Plaintiffs themselves are not similarly situated, aside from the fact that they all live in the 45th Ward and claim that they were either blocked or had their posts hidden or deleted on Defendant's Facebook page.

3. Ironically, some of the recited examples of posts that were improperly deleted or hidden contain precisely the kinds of abusive or potentially defamatory language that the City of Chicago's and Facebook's guidance say may be hidden or deleted, including attributions of criminality and mocking references to people with developmental disabilities (e.g. "smooth-brained"). It is not clear from the pleadings which of the Plaintiffs saw fit to abide by Facebook's own guidelines about posts so as to conclude whether they are similarly-situated with individuals whose purportedly innocent posts were hidden or deleted.

4. Furthermore, the purported class – which potentially includes every resident of Chicago, is overbroad, as it is unclear why anybody aside from 45th Ward constituents would be entitled to participate in the alleged public forum.

5. The scope of the alleged forum is not alleged or defined in the Complaint, and the nature of the alleged class is wholly speculative.

<u>Some of the Alleged Actions Fall Outside of Section 1983's Two-Year Statute of Limitations in Illinois and Should Be Barred from Consideration.</u>

1. Several of the alleged actions reported in Plaintiff's Complaint fall outside the two-year window from the date that the Complaint was filed, and should be barred from consideration.

WHEREFORE, the Defendant, James Gardiner, respectfully request that the Court enter judgment in his favor and for any other relief the Court deems just.

>Respectfully Submitted,
>THOMAS R. RAINES
>ATTORNEY AT LAW, LLC
>
>/s/ Thomas D. Carroll
>Thomas D. Carroll
>Thomas R. Raines Attorney at Law, LLC
>20 N. Wacker Dr., Suite 556
>Chicago, IL 60606
>T: (312) 750-1166
>F: (312) 750-1164
>tcarroll@traalaw.com

Dated: March 17, 2022

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney of record for the Defendant, hereby certifies that on March 17, 2022 he served a copy of the Defendant's Answer and Defenses on all counsel of record by electronic means via the Northern District of Illinois's Electronic Case Filing (ECF), system, which notifies all counsels and parties of record.

/s/ Thomas D. Carroll
Thomas D. Carroll