IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Pete Czosnyka, Peter Barash, Adam Vavrick, Dominick Maino, Steve Held and James Suh, individually and on behalf of all others similarly situated,** )<br>)<br>)<br>)<br>) | Case No.     21-cv-03240 |
| **Plaintiffs,** ) | |
| ) | Hon. Judge Johnson Coleman |
| **v.** )<br>) | |
| **James Gardiner and the City of Chicago,** )<br>) | |
| **Defendants.** ) | |

### DEFENDANT JAMES GARDINER'S
### MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF QUALIFIED IMMUNITY

Defendant James Gardiner, Alderman of the 45th Ward of the City of Chicago ("Gardiner" or "Defendant"), by and through his attorney, Thomas D. Carroll of Thomas R. Raines Attorney at Law, LLC, hereby moves for Summary Judgment in his favor as to the damages allegations of Count I of the Plaintiffs' Czosnyka, Barash, Vavrick, Maino, Held, Suh, and any similarly-situated plaintiffs (the "Plaintiffs") Complaint (the "Complaint" or "Cmplt." (Dkt. 1)), pursuant to Federal Rule of Civil Procedure 56. In support of the motion, Defendant states as follows:

1. Plaintiffs allege that the Defendant has violated their First Amendment right to free speech by way of a novel theory by which a political figure who establishes a Facebook page for purposes of informing the public about matters germane to his office has a duty to allow posted commentary from other Facebook users to appear on the page, such that blocking commenters from accessing the page or deleting posts violates those Facebook users' rights.

2. Each of the Plaintiffs alleges that he was either blocked from interacting with Alderman Gardiner's official Facebook page, had comments deleted from appearing on the Facebook page, or both, based on their personal identities as critics of the Defendant and/or the content of their posts. Plaintiffs claim that these actions of blocking users and deleting posts infringed their First Amendment rights to engage in social media posting on Gardiner's Facebook page and that Gardiner had a duty as a public official to allow such participation. Their action against Gardiner – Count I of the Complaint – arises under 42 U.S.C. Sec. 1983.

3. Though the Court held, as a preliminary matter, that this case could proceed on the basis of the First Amendment/Section 1983 claim against Gardiner, Gardiner is now entitled to summary judgment as a matter of law as to the allegations of damages because his actions of deleting posts and blocking users were subject to qualified immunity. See <u>Dkt. 39</u>.

4. As discussed in Defendant's Memorandum in Support of this Motion, Defendant is immune from civil damages because he was engaged in a discretionary government function that did not violate any clearly-established statutory or constitutional rights in effect at the time of the blocking or deletion.

5. If the Court is inclined to hold that the Gardiner Facebook page was a government-created public forum such there is a protectable First Amendment right to post which Gardiner's actions violated, the Court should limit the remedy to injunctive relief.

WHEREFORE, the Defendant, James Gardiner, moves this honorable Court to grant his Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, and for any additional relief that the Court deems just.

Respectfully Submitted,
THOMAS R. RAINES ATTORNEY AT LAW, LLC

/s/ Thomas D. Carroll
Thomas D. Carroll
Thomas R. Raines Attorney at Law, LLC
20 N. Wacker Dr., Suite 556
Chicago, IL 60606
T: (312) 750-1166
F: (312) 750-1164
tcarroll@traalaw.com

Dated: January 6, 2023

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record for the Defendant, hereby certifies that on January 6, 2023, he served a copy of the Defendant James Gardiner's Motion for Summary Judgment on all counsel of record by electronic means via the Northern District of Illinois's Electronic Case Filing (ECF) system, which notifies all counsels and parties of record.

/s/ Thomas D. Carroll
Thomas D. Carroll