IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Pete Czosnyka, Peter Barash, Adam Vavrick, Dominick Maino, Steve Held and James Suh, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No. 21-cv-03240 |
| Plaintiffs, | ) ) | |
| | ) | Hon. Judge Johnson Coleman |
| v. | ) ) | |
| James Gardiner and the City of Chicago, | ) ) | |
| Defendants. | ) | |

**DEFENDANT JAMES GARDINER'S RULE 56 STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED, IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Defendant James Gardiner offers the following stipulations of undisputed fact, offered for the sole purpose of deciding this Motion for Summary Judgment, in keeping with Fed. R. Civ. P. 56(c)(1)(A):

1. Gardiner is and at all relevant times has been the Alderman of Chicago's 45th Ward. Dkt. 1, par. 10.

2. Gardiner administers and oversees the Alderman Gardiner Facebook page (the "Facebook Page") and has final say over whether individuals are blocked from interacting with the page and whether comments are hidden or deleted. Dkt. 1, par. 10.

3. Gardiner uses his official Facebook Page to communicate with his constituents about a variety of government functions. Dkt. 1, par. 2.

4. Facebook users, including Chicagoans and 45th Ward residents can and do interact with the Facebook Page to express opinions, ask questions and engage in debate. Dkt. 1, par. 2.

5. Gardiner has, in the past, hidden or deleted comments that criticized him or his policies. <u>Dkt. 1, par. 3</u>.

6. Gardiner has, in the past, blocked constituents from being able to engage with the Facebook Page after they posted comments critical of him or his policies. <u>Dkt. 1, par. 3</u>.

7. The Plaintiffs are each individual Facebook users who have interacted with the Facebook Page, including criticizing Gardiner, and whom Gardiner has either blocked in the past, or whose comments he has hidden or deleted based on the content of their posts, or both. See <u>Dkt. 1, generally</u>.

8. The Plaintiffs are residents of Chicago's 45th Ward. <u>Dkt. 1, par. 5</u>.

9. Jurisdiction is proper because the causes of action in this case arise under federal law. <u>Dkt. 1, par. 7</u>.

10. Venue is proper as the alleged events giving rise to the action occurred in the Northern District of Illinois. <u>Dkt. 1, par. 8</u>.

    Respectfully Submitted,
    THOMAS R. RAINES ATTORNEY AT LAW, LLC

    <u>/s/ Thomas D. Carroll</u>
    Thomas D. Carroll
    Thomas R. Raines Attorney at Law, LLC
    20 N. Wacker Dr., Suite 556
    Chicago, IL 60606
    T: (312) 750-1166
    F: (312) 750-1164
    tcarroll@traalaw.com

Dated: January 6, 2023

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record for the Defendant, hereby certifies that on <u>January 6, 2023</u>, he served a copy of the <u>Defendant James Gardiner's Rule 56 Statement of Material Facts in Support of His Motion for Summary Judgment</u> on all counsel of record by electronic means via the Northern District of Illinois's Electronic Case Filing (ECF) system, which notifies all counsels and parties of record.

<u>/s/ Thomas D. Carroll</u>
Thomas D. Carroll
