UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETE CZOSNYKA, *et al.*, | |
| Plaintiffs, | 21-cv-3240 |
| v. | Hon. Sharon Johnson Coleman |
| JAMES GARDINER, | |
| Defendant. | |

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE EXCESS PAGES IN SUPPORT OF THEIR RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, through counsel, respectfully request that this Court grant them leave to file *instanter* excess pages in support of their response to Defendant's motion for summary judgment. In support, Plaintiffs state as follows:

1. Plaintiffs allege that Defendant Alderman Jim Gardiner violated their First Amendment rights by blocking them and/or deleting their posts on his official Facebook Page. In his motion for summary judgment, Defendant Alderman Gardiner contends that he is entitled to qualified immunity. ECF 83. Plaintiffs filed their response to Defendant's motion for summary judgment on Friday, February 3, 2023. ECF 92.

2. Pursuant to the local rules, memoranda of law in support of or opposition to motions are limited to 15 pages without leave of court to file additional pages. N.D. Ill., L.R. 7.1. Plaintiffs respectfully request that the page limitation for their

memorandum in response to Defendant's motion for summary judgment be expanded to 27 pages.

3. A brief of this length is warranted because adequately responding to Defendant's motion for summary judgment required Plaintiffs to address four separate matters: (1) a discussion of the facts that show that violations of Plaintiffs' First Amendment rights are ongoing; (2) Plaintiffs' entitlement to injunctive relief to halt ongoing violations of their First Amendment rights and prevent future violations; (3) a review of the relevant case law to show that the law was "clearly established"; and (4) a discussion of why qualified immunity does not apply where, as here, Defendant had the opportunity to seek legal guidance that put him on notice that his conduct violated the First Amendment. Plaintiffs sought to discuss these matter as succinctly as possible, but were unable to adequately address Defendant's motion without being afforded additional pages.

4. Counsel for Plaintiffs discussed their intention to file this motion with counsel for Defendant. Counsel stated that the motion is unopposed.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant them leave to file *instanter* their excess memorandum and statement of material facts in support of their response to Defendant Alderman Gardiner's motion for summary judgment.

    Respectfully submitted,

    /s/ Adele D. Nicholas
    /s/ Mark G. Weinberg
    *Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net