UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETE CZOSNYKA, *et al.*, | |
| Plaintiffs, | 21-cv-3240 |
| v. | Hon. Sharon Johnson Coleman |
| JAMES GARDINER, | |
| Defendant. | |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Pete Czosnyka, Adam Vavrick, Dominick Maino, Peter Barash, James Suh and Steve Held, through counsel, respectfully submit the following sur-reply regarding Defendant's motion for summary judgment:

**INTRODUCTION**

In his reply brief in support of his motion for summary judgment, Defendant Alderman Gardiner makes a new and important factual admission. Specifically, he admits that he has engaged in content-based censorship of his Facebook Page in the recent past by enabling a keyword filter that automatically hides comments that use the words "stalk" or "stalking." *See* ECF 99, Def. Reply, at 1–2. The keyword filter blocked comments posted by Plaintiffs Adam Vavrick and Dominick Maino in January 2023, in which they criticized Gardiner's conduct towards his constituents and campaign volunteers for a rival political candidate. ECF 94, Plf. Add'l Facts, at ¶¶ 3–6. Plaintiffs believe this admission impacts the parties' respective requests for summary judgment.

# ARGUMENT

Defendant-Alderman Gardiner's admission that he has continued to engage in content-based regulation of speech on his Facebook Page makes clear that Plaintiffs are entitled to prompt injunctive relief to prevent future violations of their First Amendment rights. This is so for two main reasons.

## I. Defendant Has Not Met His Burden to Show that He Has Voluntarily Ceased His Unconstitutional Conduct

First, though Defendant forthrightly admits that use of the keyword filter censored Plaintiffs' posts, Defendant insists that he has now deactivated keyword filtering and adopted a "hands-off" approach to moderation of the Page. He blames his recent censorship on inadvertent "neglect." ECF 99 at 1 ("he neglected to remove filters on his Page related to or derived from the word 'stalk.'"). Such neglect, however, doesn't negate the need for injunctive relief. To the contrary, it makes clear that Defendant Gardiner has failed to take the steps necessary to correct his pattern of constitutional violations.

It is not as if the keyword filter was a surprise to Defendant Gardiner. In his September deposition, Defendant testified that, prior to this lawsuit, he was using keyword filtering to block comments critical of him, but claimed that he disabled the feature after he was sued. ECF 94, Plf. Add'l Facts, at ¶¶10–11. It is now apparent that he either never actually disabled keyword filtering or re-activated it to hide comments he does not like. Either scenario throws cold water on the idea that Defendant Gardiner has met the "heavy burden of proof" to "make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to

recur," which is the standard to satisfy the voluntary cessation doctrine. *Freedom from Religion Found., Inc. v. Concord Cmty. Schs*, 885 F.3d 1038, 1051 (7th Cir. 2018) (*citing United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). *See* ECF 92, Plf. Resp., at 10–12 (discussing Plaintiffs' entitlement to injunctive relief notwithstanding Defendant's claim of voluntary cessation).

## II. Defendant's Admission Raises Concerns About Ongoing Censorship

Second, Defendant's admission raises additional questions about the possibility of ongoing censorship of the Page. Defendant Gardiner has acknowledged that he has been using keyword filtering to block references to "stalking," but he is silent about whether other words are banned. Defendant's absence of discussion of what other words are censored is more than a little concerning, especially in light of his misrepresentation that he had disabled keyword filtering in his deposition and his refusal to answer written discovery regarding his regulation of the Page. *See* ECF 70 (October 17, 2022 order noting Defendant's failure to answer discovery requests).

## III. Injunctive Relief Specifically Prohibiting Defendant Gardiner from Engaging in Content-Based Regulation Is Warranted

Based on Defendant's use of the keyword filter to censor posts, Defendant himself acknowledges that a "hands-off" injunction is warranted in this matter.[1] Plaintiffs agree an injunction is called for, but under the circumstances a "hands-off" injunction isn't sufficient. Given Defendant's admission that he has been using

---

[1] *See* ECF 99 at 2 ("Defendant recognizes that qualified immunity is not a basis to deny an injunction, and … does not object to the entry of an injunction requiring him to maintain [a hands-off] approach, should the Court determine that moderation of content by a public official on a public-facing, interactive social media page may constitute a violation of the First Amendment.")

keyword filtering to ban certain words that he does not like, a more specific order is warranted. Defendant Gardiner should be specifically ordered that not only is he prohibited from personally deciding to censor comments based on their content, but also that he is prohibited from using a technological intervention, such as keyword filtering, to accomplish the same ends.

## CONCLUSION

For the above reasons, as well as those set forth in Plaintiffs' previous briefing, Plaintiffs respectfully request that this Honorable Court deny Defendant's motion for summary judgment, and grant Plaintiffs' motion for summary judgment.

    Respectfully submitted,

    /s/Adele D. Nicholas
    /s/ Mark G. Weinberg
    *Counsel for Plaintiffs*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913

4