IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETE CZOSNYKA, et al. | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 21-cv-3240 |
| v. | ) | |
| | ) | Honorable Sharon Johnson Coleman |
| JAMES GARDINER, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR LEAVE TO FILE A MOTION TO RECONSIDER

Defendant James Gardiner, through his counsel Nathan & Kamionski, LLP, hereby moves this honorable Court for leave to file a motion to reconsider this Court's summary judgment ruling in light of the Supreme Court's decision in *Lindke v. Freed*, 601 U.S. 187 (2024). In support of its motion, Gardiner states as follows:

### Background

As the Court is aware, Plaintiffs allege that Gardiner violated their First Amendment rights to free speech by hiding Plaintiffs' comments on a Facebook Page maintained by Gardiner and/or blocking Plaintiffs from commenting on that Page. Both Plaintiffs and Gardiner moved for summary judgment, and the Court ruled on those motions in a September 5, 2023, order (the "Order"), which is attached here as Exhibit A. The result of the Order was that Gardiner's motion for summary judgment based on qualified immunity was denied, and Plaintiff's motion for summary judgment on liability and injunctive relief was granted.

In granting Plaintiff's motion, one of the issues the Court addressed was whether Plaintiff had proven that Gardiner's acts of hiding or blocking Plaintiffs' Facebook comments constituted "state action," such action being a prerequisite to section 1983 liability. (*See* Ex. A, pp. 4-6.) The Court noted that a Circuit split existed regarding the proper test to determine state action in a case

like this. Specifically, the Ninth, Fourth, Second and Eighth Circuits had applied a "nexus test" that asks whether the official's conduct, "even if 'seemingly private' is 'sufficiently related to the performance of his or her official duties to create a 'close nexus between the State and the challenged action….'" (*Id.* at pp.4-5 (internal citation omitted).) Conversely, the Sixth Circuit applied a "state-official test" that asks if the official "is 'performing an actual or apparent duty of his office' or 'if he could have behaved as he did without the authority of his office….'" (*Id.* at p.5 (citing *Lindke v. Freed*, 37 F.4th 1149 (6th Cir. 2022).)

Citing primarily the Ninth Circuit's case of *Garnier v. O'Connor-Ratcliff*, 41 F.4th 1158 (9th Cir. 2022), the Court adopted the "nexus test" and found that each prong of that test had been met. (*Id.* at p.6.) However, the Court noted that at the time of its ruling the Supreme Court had granted certiorari in *Garnier* and *Lindke* to resolve the split regarding state action, and that "[i]f the Supreme Court's decision ultimately departs from the reasoning set forth by the Second, Fourth, Eighth and Ninth Circuits, and endorsed here, then Defendant may request leave to file a motion to reconsider." (*Id.* at p.5, n.2.) That is what happened.

The Supreme Court has now clarified the proper test for determining state action when a public official hides or blocks comments on her social media accounts. Under the correct test, a plaintiff must prove that "the official (1) possessed actual authority to speak on the State's behalf, and (2) purported to exercise that authority when he spoke on social media." *Lindke v. Freed*, 601 U.S. 187, 198 (U.S. 2024).

The first prong requires establishing the actual legal basis for the official's authority to speak on the state's behalf, which can come from "statute, ordinance, regulation, custom, or usage." *Id.* at 200 (internal quotations omitted). Answering this question requires "careful attention" regarding whether making official announcements is "*actually* part of the job that the

State entrusted the official to do." (*Id.* at 200-201 (emphasis added).) Moreover, even if such authority exists, it must be shown that it "extend[ed] to speech of the sort that caused the alleged rights deprivation." *Id.* at 201.

The second prong requires a "fact-specific undertaking" in which each post's "content and function are the most important considerations." The Supreme Court offered the examples of a mayor who makes an official announcement exclusively on Facebook about action he is taking as mayor, versus the mayor merely sharing otherwise available information, for instance "by linking to the parking announcement on the city's webpage," the latter scenario being "far less likely" to constitute state action than the former. *Id.*

Ultimately, the Supreme Court vacated and remanded *Lindke* so the Sixth Circuit could apply the test that the Supreme Court had clarified, "to the extent that this test differs from the one applied by the Sixth Circuit…." *Id.* at 204. As for the Ninth Circuit's nexus test in *Garnier*, the Supreme Court expressly noted that this test "is different from the one we have elaborated in *Lindke*" and thus vacated and remanded *Garnier* for "proceedings consistent with [*Lindke*]." *O'Connor-Ratcliff v. Garnier*, 601 U.S. 205, 208 (U.S. 2024).

## Argument

Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." This rule has been interpreted to allow parties to file motions to reconsider a court's interlocutory ruling. *See, e.g.*, *McLaughlin v. Lvnv Funding, LLC*, No. 13-cv-1387, 2013 WL 12447096, *1 (N.D. Ill. Oct. 22, 2023) (noting the "law of the case doctrine" also permits a court to revisit its

prior rulings). The Seventh Circuit has noted that motions to reconsider serve "a valuable function" where, *inter alia*, there has been a "controlling or significant change in the law…since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1184, 1191 (7th Cir. 1990) (internal quotation and citation omitted).

The Supreme Court's recent decision in *Lindke* is undoubtedly a controlling and significant change in the law on a matter germane to this lawsuit. Indeed, this Court had the wisdom to see this possibility coming when it noted the Supreme Court's pending decisions in *Lindke* and *Garnier* in its Order. (*See* Ex. A, p.5, n.2.) The binding test announced in *Lindke*, which controls the issues of proof and liability in this case, was not applied when the Court granted summary judgment in Plaintiffs' favor. Instead, Plaintiffs have already won liability in this case based on a "nexus test" that has been rejected, and based on precedent that has been vacated, by the Supreme Court. It would therefore be an injustice to proceed as currently planned, whereby Plaintiffs will not have to prove liability under the correct test, and will enjoy the advantage of a trial solely on the issue of damages because they had proven liability under the wrong test.

Accordingly, Gardiner respectfully asks this Court for leave to file a motion to reconsider the Court's summary judgment ruling on the issue of state action, so that the parties can brief that issue, and the Court can rule on it, under the proper test as recently announced by the Supreme Court. Additionally, Gardiner asks that the current pretrial and trial schedule be stricken until Gardiner's motion for leave to file a motion for reconsideration, and if that is granted, Gardiner's actual motion to reconsider are resolved.

                                                           Respectfully submitted,

                                                           /s/ Brian Wilson

                                                           Avi Kamionski
                                                           Shneur Nathan

Brian Wilson
NATHAN & KAMIONSKI, LLP
206 S. Jefferson St.
Chicago, IL 60661
312-957-6649
bwilson@nklawllp.com

***Attorneys for Defendant James Gardiner***